IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:26-cr-068 |
| | ) | AMENDED |
| v. | ) | <u>INDICTMENT</u> |
| | ) | |
| CHAD MICHAEL BOAL, and | ) | T. 18 U.S.C. § 2 |
| ~~CXRBX~~ CORY DUANE RICHARDS, | ) | T. 18 U.S.C. § 981(a)(1)(C) |
| | ) | T. 18 U.S.C. § 982(a)(1) |
| Defendants. | ) | T. 18 U.S.C. § 982(b)(1) |
| | ) | T. 18 U.S.C. § 1343 |
| | ) | T. 18 U.S.C. § 1349 |
| | ) | T. 18 U.S.C. § 1957 |
| | ) | T. 21 U.S.C. § 853(p) |
| | ) | T. 28 U.S.C. § 2461(c) |
| | ) | |

**THE GRAND JURY CHARGES:**

On 5/20/2026 Judge Adams ordered the Indictment to be amended reflect Defendant's true and correct name of CORY DUANE RICHARDS

*Introduction*

At all times relevant to this Indictment:

1.    <u>Ponzi schemes</u>. Ponzi schemes were a form of financial fraud that induced investments by promising high returns with low risk from allegedly legitimate business and loan ventures. In a Ponzi scheme, investor proceeds were falsely and fraudulently converted to the operators' own personal use and benefit and funneled to previous investors, under the guise of legitimate profits and returns. Ponzi schemes cultivated an illusion that legitimate profit-making business opportunities existed, thereby inducing additional investment.

2.    <u>Defendants</u>. Defendants CHAD MICHAEL BOAL and ~~CXRBX~~ CORY DUANE RICHARDS were conspirators in a Ponzi scheme involving dozens of victims and tens of millions of dollars of loss to the victims. BOAL was a resident of Burlington, Iowa,

1

and RICHARDS was a resident of West Burlington, Iowa, both in the Southern District of Iowa.

3.    <u>Foundations.</u> Golden Bar Foundation was an "unincorporated organized self-supporting humanitarian foundation" operating in the Southern District of Iowa and elsewhere. CHAD MICHAEL BOAL was the Executive Director of Golden Bar Foundation. CORY DUANE RICHARDS was the Managing Director of Golden Bar Foundation. BOAL, RICHARDS, and their co-conspirators maintained other so-called "unincorporated organized self-supporting humanitarian foundations"; specifically, BOAL maintained a foundation named R8511 Foundation, and RICHARDS maintained foundations named New Life 314 Foundation, True North Foundation, and Silver Bar Foundation.

**<u>COUNT 1</u>**
**(Conspiracy to Commit Wire Fraud)**

4.    The allegations in paragraphs 1 through 3 of this Indictment are re-alleged and incorporated by reference.

5.    From a date unknown, but by no later than in or about May 2023, and continuing to a date unknown, but until at least June 2025, in the Southern District of Iowa and elsewhere, the defendants, CHAD MICHAEL BOAL and CORY DUANE RICHARDS, did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to execute a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by active concealment of material facts, and to aid and abet the same, transmitted and caused to be

2

transmitted by means of wire communications in interstate commerce writings, signs, and signals for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy

6. It was the purpose and object of the conspiracy that the defendants, CHAD MICHAEL BOAL and CORY DUANE RICHARDS, and their co-conspirators operated a Ponzi scheme targeting victims in the Southern District of Iowa and elsewhere, including Victims S.W., J.N., and M.V., for the purpose of enriching themselves and each other with the unlawful proceeds of the scheme.

### Manner and Means

7. The defendants, CHAD MICHAEL BOAL and CORY DUANE RICHARDS, and their co-conspirators accomplished the object of the conspiracy by the following manner and means (among others):

    a. Conspirators formed "unincorporated organized self-supporting humanitarian foundations" or similar purported "foundations" that operated in the Southern District of Iowa and elsewhere.

    b. Conspirators then solicited purported investments in these foundations, promising investment returns ranging from 24% to 100% typically over a several month to one-year period, and claiming the investments were risk-free and tax-free. Conspirators often solicited these investments from long-time friends, family members, clients, and other individuals with whom they had established personal or business relationships.

    c. Conspirators claimed to investors that the investors' money generated returns in a variety of ways, including through bond trading, property flipping and development, and holding money in escrow accounts that banks borrowed against or leveraged, among other purported "investments." If interested, investors would typically enter "Joint Venture Agreements" with the conspirators' foundations—most often Golden Bar Foundation—that set forth the terms of the investment,

3

including the length of the investment, rate of return, and purported investment vehicle, among other terms.

d. Conspirators then directed investors to wire funds (or occasionally send checks or cash) to financial accounts held by the various foundations or to attorney escrow accounts maintained by S.O. and C.J. Investors understood their money would be used according to the representations made by the conspirators and the terms of the Joint Venture Agreements.

e. After receiving investor funds, however, conspirators used the money for their own benefits and purposes rather than those stated to investors. This included using new investor funds to pay back prior investors, purchase vehicles and real estate unrelated to any investment, and pay down conspirators' loans, among other things.

8. In furtherance of the conspiracy, the defendants, CHAD MICHAEL BOAL and CORY ~~COREY~~ DUANE RICHARDS, made false statements and representations to investors about their intended use of investor money, including that it would be held in escrow accounts and never leave escrow accounts; used for bond origination or trading; used to "flip" or develop real estate; secured by various foreign entities; and involved financial institutions like Fidelity, Vanguard, and Transamerica.

9. In furtherance of the conspiracy, the defendants, CHAD MICHAEL BOAL and CORY ~~COREY~~ DUANE RICHARDS, made false statements and representations to financial institutions about the nature of the foundations, including that the foundations would be used for charitable purposes, anonymous donations, and to purchase and renovate houses for low-income housing.

10. In furtherance of the conspiracy, the defendants, CHAD MICHAEL BOAL and CORY ~~COREY~~ DUANE RICHARDS, made false statements and representations to financial institutions, and instructed investors to make false statements and

4

representations to financial institutions, about the nature of various wire transfers, including that the wire transactions related to flipping properties; originating bonds; and real estate deals, investments, and partnerships.

11. In furtherance of the conspiracy, the defendants, CHAD MICHAEL BOAL and CORY DUANE RICHARDS, caused and directed investor funds to be transferred contrary to the uses intended by the investors, including to pay back prior investors; purchase vehicles, real estate, and other assets for the conspirators' personal benefits and purposes; and pay off conspirators' debts.

This is a violation of Title 18, United States Code, Sections 1349 and 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNTS 2-4</u>
**(Wire Fraud)**

12. Paragraphs 1 through 11 of this Indictment are realleged and incorporated as if set forth fully herein.

13. On or about the dates listed in the table below, in the Southern District of Iowa and elsewhere, the defendant, CHAD MICHAEL BOAL, for the purpose of executing the scheme and artifice to defraud described in Count 1 of this Indictment, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and by active concealment of material facts, and to aid and abet the same, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, and sounds, including, but not limited to, the interstate wires described below for each count:

5

| Count | Approximate Date of Wire | Description |
|---|---|---|
| 2 | April 1, 2024 | A wire transfer of $1,200,000.00 from a bank account controlled by S.W. to Bank of America checking account ending in 3596. |
| 3 | October 11, 2024 | A wire transfer of $1,213,263.95 from Barrington Bank & Trust IOLTA account ending in 0590, maintained by C.J., to R8511 Foundation's Bank of America account ending in 0793, the transfer primarily constituting funds from J.N. |
| 4 | December 13, 2024 | A wire transfer of $2,856,000.00 from a bank account controlled by M.V. to Barrington Bank & Trust IOLTA account ending in 0590 maintained by C.J. |

Each of the above counts is a violation of Title 18, United States Code, Sections 1343 and 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNTS 5-16</u>
**(Money Laundering Over $10,000)**

14. Paragraphs 1 through 13 of this Indictment are realleged and incorporated as if set forth fully herein.

15. On or about the dates set forth in the table below, in the Southern District of Iowa and elsewhere, the defendant, CHAD MICHAEL BOAL, did knowingly engage and attempt to engage in a monetary transaction by, through, and to an FDIC-insured financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, as set forth below, and did aid and abet the same, such property having been derived from a specified unlawful activity, that is, Conspiracy to Commit Wire Fraud as described in Count 1 of this Indictment, and Wire Fraud as described in Counts 2, 3, and 4 of this Indictment:

6

| Count | Approximate Date of Transaction | Description |
|---|---|---|
| 5 | April 2, 2024 | Exchanging funds in Bank of America account ending in 3596 for a $278,596.97 check, number 3155, payable to Iowa State Bank & Trust Company. Those funds were then used to pay off or pay down BOAL's loans on a 2014 Audi A8 VIN: WAUR2AFDXEN003254; 2018 Audi R8 VIN: WUAKBAFX3J7900187; and a home equity line of credit relating to 10937 Oak Ridge Rd., Burlington, IA 52601. |
| 6 | April 5, 2024 | Exchanging funds in Bank of America account ending in 3596 for a $104,679.62 check, number 3152, payable to GM Financial. Those funds were then used to pay off or pay down BOAL's loan on a 2024 GMC Sierra VIN: 1GT49ZEY3RF285247. |
| 7 | April 22, 2024 | Exchanging funds in Bank of America account ending in 3596 for a $64,850.00 check, number 3157, payable to Carousel Motors. Those funds were then used to purchase a 2020 Audi SQ8 VIN: WA1CWAF1XLD023827. |
| 8 | October 24, 2024 | Initiating a $1,456,383.37 wire transfer from Bank of America account ending in 0793 to Aspelmeier, Fisch, and Helling. Those funds were then used to purchase the following four parcels of farmland in Henry County, Iowa: Parcel No. 070042010000100 (79.09 acres); Parcel No. 070041920000200 (71 acres); Parcel No. 070042010000300 (40 acres); and Parcel No. 070042010000400 (38 acres). |
| 9 | October 29, 2024 | Initiating a $100,000.00 wire transfer from Bank of America account ending in 0793 to AMS Performance, LLC. Those funds were then used to make modifications to the 2018 Audi R8 VIN: WUAKBAFX3J7900187 referenced above. |
| 10 | November 26, 2024 | Initiating a $20,000.00 wire transfer from Bank of America account ending in 0793 to Chicago Motor Cars. Those funds were then used to purchase a 2016 Dodge Viper VIN: 1C3BDEDZ4GV100459. |
| 11 | December 4, 2024 | Initiating a $140,685.00 wire transfer from Bank of America account ending in 0793 to Chicago |

| | | Motor Cars. Those funds were then used to purchase a 2016 Dodge Viper VIN: 1C3BDEDZ4GV100459. |
|---|---|---|
| 12 | December 17, 2024 | Initiating a $752,847.82 wire transfer from Bank of America account ending in 0793 to Southeast Iowa Escrow Company. Those funds were then used to purchase parcel no. 190093330001100 (101.34 acres) located in Henry County, Iowa. |
| 13 | December 17, 2024 | Initiating a $605,503.14 wire transfer from Bank of America account ending in 0793 to Southeast Iowa Escrow Company. Those funds were then used to purchase parcel no. 190093240002000 (80.32 acres) located in Henry County, Iowa. |
| 14 | December 24, 2024 | Exchanging funds in Bank of America account ending in 0793 for a $45,300.00 check, number 8024, payable to SEI Escrow Company. Those funds were then used to purchase property located at 305 Dry Creek Avenue, West Burlington, Iowa 52655. |
| 15 | May 30, 2025 | Exchanging funds in Bank of America account ending in 3596 for a $450,000.00 check, number 3288, payable to Halo Companies. The majority of those funds were then used to pay for improvements to the property referenced above at 305 Dry Creek Avenue, West Burlington, Iowa 52655. |
| 16 | May 30, 2025 | Exchanging funds in Bank of America account ending in 3596 for a $130,230.80 check, number 3282, payable to Reid Landscapes Inc. Those funds were then used to pay for improvements to the property referenced above at 10937 Oak Ridge Road, Burlington Iowa 52601. |

Each of the above counts is a violation of Title 18, United States Code, Sections 1957 and 2.

**THE GRAND JURY FINDS:**

<u>**NOTICE OF FORFEITURE**</u>

16. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1343 and 1349, as set out in Count 1 (defendants CHAD MICHAEL

BOAL and CORY DUANE RICHARDS) and Counts 2 through 4 (defendant CHAD MICHAEL BOAL) of this Indictment, defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1956(c)(7), and 1961(1), and Title 28, United States Code, Section § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said offenses.

17. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1957, as set out in Counts 5 through 16 of this Indictment, the defendant, CHAD MICHAEL BOAL, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property involved in said offenses and any property traceable to such property.

18. The property to be forfeited by defendant CHAD MICHAEL BOAL includes, but is not limited to, the following:

    a. 2016 Dodge Viper VIN: 1C3BDEDZ4GV100459;

    b. 2014 Audi A8 VIN: WAUR2AFDXEN003254;

    c. 2018 Audi R8 VIN: WUAKBAFX3J7900187;

    d. 2020 Audi SQ8 VIN: WA1CWAF1XLD023827;

    e. 2024 GMC Sierra VIN: 1GT49ZEY3RF285247;

    f. The real property located at 10937 Oak Ridge Rd., Burlington, Iowa 52601; and

    g. The real property located at 305 Dry Creek Avenue, West Burlington, Iowa 52655.

19. The property to be forfeited by defendants CHAD MICHAEL BOAL and CORY DUANE RICHARDS includes, but is not limited to, the following:

a. A sum of money equal to the total amount of gross proceeds obtained as a result of the offenses charged in Counts 1 through 16.

20. If any of the property described above, as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**A TRUE BILL.**

_____
FOREPERSON

David C. Waterman
United States Attorney

By: _____
Joseph H. Lubben
Assistant United States Attorney